296 S.E.2d 686

**Leona C. LOUNSBURY**

v.

**John B. LOUNSBURY.**

No. 15542.

Supreme Court of Appeals of West Virginia.

June 23, 1982.

R. Sue Core, Elkins, for appellant.

Stephen G. Jory, Elkins, for appellee.

## PER CURIAM:

The appellant, Leona C. Lounsbury, appeals from a final order of the Circuit Court of Randolph County which, *inter alia*, awarded her former husband, John B. Lounsbury, the appellee, custody of the two infant children born of the parties' marriage. For the reasons set forth below, we reverse.

On November 6, 1981, the appellant filed suit for divorce in the Circuit Court of Randolph County alleging cruelty and irreconcilable differences. She sought custody of the two infant children born of her marriage to the appellee and child support. By order entered November 30, 1981, the court granted the appellant temporary custody of the children, child support in the amount of $100 per month per child, and exclusive use and possession of the parties' marital residence.

The appellee subsequently filed an answer denying the allegations of cruelty and irreconcilable differences. He counterclaimed on the ground of cruelty and also sought custody of the two infant children and exclusive use of the marital domicile. Before the final hearing on the divorce action was held, however, the appellee filed an amended answer stating that irreconcilable differences did exist between the parties and that it would be in their best interests to obtain a divorce. The parties also entered into a property settlement agreement prior to the hearing.

On January 11, 1982, the final hearing was held, solely upon the issue of custody of the children. At the conclusion of the hearing the court took the custody issue under advisement. By final order entered January 22, 1982, the court awarded the divorce on the grounds of irreconcilable differences pursuant to *W. Va. Code*, 48–2–4(a)(10) [1977] and approved and incorporated the property settlement agreement into the divorce decree. In addition, the divorce order awarded custody of the two infant children to the appellee and provided visitation privileges to the appellant. The appellant then filed an application for a stay of proceedings in this Court. That application was granted by order dated January 28, 1982, and the execution of the circuit court's order insofar as it pertained to child custody was stayed until April 28, 1982.

In this appeal the appellant alleges that the court erred in awarding custody of the children to her former husband and did not follow the principles set forth by this Court in *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981).

The law pertaining to the custody of very young children was set forth in *Garska* in syllabus points 2 and 6:

> With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit.

> In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit

parent, and where the primary caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker.

"The primary caretaker is that natural or adoptive parent who, until the initiation of divorce proceedings, has been primarily responsible for the caring and nurturing of the child." Syl. pt. 3, *Garska, supra.*[1]

In the final divorce order in the case before us the trial court found that the evidence failed to establish that either parent had "clearly taken primary responsibility for the caring and nurturing duties" for the children. The appellant argues that this finding of the trial court is not supported by the evidence, and we agree.

In this case it is obvious that the appellant was the primary caretaker parent before the divorce proceedings arose.[2] The record indicates that the appellant made the babysitting arrangements and before the divorce proceedings began, generally took the children to the babysitter in the morning and picked them up in the evening. She was responsible for purchasing and taking care of the children's clothes, she prepared the children's food and was generally in charge of their nursing and medical care.

Although there was evidence that the appellee sometimes got up in the middle of the night when one of the children awoke, it was primarily the appellant who put them to bed and woke them in the morning. It was also the appellant who usually bathed and dressed the children. The record shows that the appellee saw his role

---

1. Syl. pt. 4 of *Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981) states:

   In establishing which natural or adoptive parent is the primary caretaker, the trial court shall determine which parent has taken primary responsibility for the caring and nurturing duties of a parent.

2. In *Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981), we set out the factors which, *inter alia,* must be considered by the trial court in making its determination of which parent is the primary caretaker. Those factors include: "(1) preparing and planning of meals; (2) bathing,

grooming and dressing; (3) purchasing, cleaning, and care of clothes; (4) medical care, including nursing and trips to physicians; (5) arranging for social interaction among peers after school, i.e. transporting to friends' houses or, for example, to girl or boy scout meetings; (6) arranging alternative care, i.e. babysitting, day-care, etc.; (7) putting child to bed at night, attending to child in the middle of the night, waking child in the morning; (8) disciplining, i.e. teaching general manners and toilet training; (9) educating, i.e. religious, cultural, social, etc.; and (10) teaching elementary skills, i.e. reading, writing and arithmetic."

in the household as the father as one who "helps in whatever way the mother needs, provides guidance, provides any kind of housework help that's needed." The appellee admitted that it was the appellant who had the primary care of the children up to the time when divorce proceedings were instituted.

■ Because the evidence shows the appellant to have been the primary caretaker and because there has been no finding that she is an unfit parent, the court erred in awarding custody to the appellee. Syl. pt. 6 of *Garska v. McCoy, supra,* dictates to the contrary.

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Randolph County is reversed and remanded with directions to enter an order awarding custody of the two minor children to the appellant.

Reversed and remanded.